## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **HAWA LATTISAW**, *parent of minor child M.L.*, |
| Plaintiff, |
| v. |
| **DISTRICT OF COLUMBIA**, |
| Defendant. |

Case No. 1:22-cv-510 (TNM)

## <u>MEMORANDUM OPINION</u>

A parent was displeased with an administrative decision about her child's disability services.  So she sued the District of Columbia.  Reviewing dueling motions for summary judgment, a Magistrate Judge recommended that the Court remand the case for more administrative hearings.  But because the parent failed to meet her burden of showing that her child's substantive rights were violated during the administrative proceedings and then never supplemented the record here, this Court rejects her request for vacatur and remand.

## I.

The Individuals with Disabilities Education Act offers the District of Columbia federal funding to provide a "free appropriate public education" (FAPE) to disabled children.  20 U.S.C. § 1412(a)(1)(A).  To ensure a child receives a FAPE, services must conform to "the [child's] individualized education program," a plan for educating her.  20 U.S.C. § 1401(9)(D).

M.L. attends D.C. public schools.  Because M.L. has disabilities, she has had an individualized education program (IEP) for over ten years.  *See* Administrative Record (AR) at 29, ECF No. 8.  A few years ago, the District re-evaluated M.L. and crafted a new IEP based on

that evaluation. *Id.* at 127–28. But M.L.'s mother, Hawa Lattisaw, disapproved of that IEP and asked the District to pay for an Independent Educational Evaluation. *See id.* at 797–803.

After hearing little from the school for two months, Lattisaw filed an administrative due process complaint against the District. *See id.* at 25–27. She asked that the District be made to pay for the Independent Evaluation and claimed that the school had denied M.L. a FAPE when it failed to provide the testing. *See id.* at 29–32. And she alleged that the school unreasonably withheld some of M.L.'s educational records. *See id.* at 30. In response, the District offered M.L. a series of tests. *See id.* at 461–62. The case then proceeded into various administrative hearings.

In the end, a Hearing Officer found that the school's delay in responding to Lattisaw's testing request counted as a procedural violation of the IDEA. *See id.* at 15. But the Hearing Officer found that there was not enough evidence to show that the procedural violation denied M.L. a FAPE, so he dismissed that part of Lattisaw's claim without prejudice. *See id.* at 14–16. In his view, she could renew her administrative complaint once M.L. had completed the series of tests. *See id.* at 16. That way, Lattisaw might be able to show that M.L. had been denied services that she needed while waiting for an Independent Evaluation.

Lattisaw then sued here, alleging that the Hearing Officer made four mistakes: (1) "finding that Plaintiff was not entitled to an Independent Education Evaluation at public expense," (2) failing to find that the "procedural violation rose to the level of a failure to provide a FAPE to the Student," (3) finding that the tests that were eventually provided counted as an Independent Evaluation, and (4) failing to provide some of the relief the parent had requested. Compl. ¶¶ 29–35, ECF No. 1. The Court referred the case to a Magistrate Judge, and both parties moved for summary judgment.

2

The Magistrate Judge issued a Report & Recommendation, suggesting the following: The Court should deny the parent's motion for summary judgment to the extent that it challenges (1) the Hearing Officer's finding that the District need not pay for an Independent Evaluation and (2) his order that the school convene a team to decide whether M.L. should get compensatory education. And it should grant the District's cross motion on those points. Plus, the Court should grant the parent's motion to the extent that it challenged the Hearing Officer's "conclusion that it was premature to consider whether the delayed IEE was a substantive violation of the IDEA" and deny the District's motion on that point. Finally, the Magistrate Judge recommends that the Court remand to the Hearing Officer to decide whether the procedural violation counted as a substantive one. *See* Rep. and Rec. (R&R) at 24, ECF No. 18.

The District objects. In its view, the R&R wrongly found that the Hearing Officer "erred in simply dismissing the claim without prejudice as 'premature,' instead of digging deeper into the relevant facts." District Objections to R&R (District Objections) at 9, ECF No. 20 (quoting R&R at 21). And the District disagrees with the R&R's suggestion to vacate and remand on that point. *See id.*

## II.

Normally, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But objections that "merely rehash an argument presented and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.

### A.

Only one part of the Hearing Officer's decision remains in dispute:  The Hearing Officer found that he lacked enough evidence to decide whether the procedural violation violated M.L.'s right to a FAPE and thus he dismissed that claim without prejudice.  *See* AR15.

As he explained, "[a] delay does not affect substantive rights if the student's education would not have been different had there been no delay." *Id.* at 14 (quoting *D.R. ex rel. Robinson v. Dist. of Columbia,* 637 F. Supp. 2d 11, 18 (D.D.C. 2009)).  And without the results of the new tests that the District had authorized, the Hearing Officer did not have enough evidence to tell "whether the delay in [the school] granting [the tests] will" show that M.L.'s IEP would have been different but for the District's delay.  AR14–15.  And thus, once M.L. completed the new tests the District had authorized, "it can then be determined if the Student's education is different, and if so, what remedy is appropriate." *Id.* at 15.  So the Hearing Officer dismissed that claim without prejudice. *Id.*

The R&R "acknowledge[d] that the Hearing Officer had little information from which to [decide] whether the delayed [testing] denied M.L. a FAPE." R&R at 20.  And the Magistrate Judge noted that she "face[d] the same problem." *Id.*  As the R&R explained, briefing and expert testimony before the Hearing Officer did "not establish whether the delay deprived M.L. of a FAPE or educational benefit, or significantly impeded the Parent's ability to participate in the process." *Id.* at 21.  In other words, it did not show whether the procedural violation was also substantive.

Indeed, while the record had evidence from before Lattisaw requested more testing, "there is little evidence in the record about M.L.'s IEP and related developments after [the

testing request], thus making it hard to ascertain whether and how a more timely [Independent Evaluation] would have affected her IEP." *Id.*  Finding that "the record is not robust enough," the Magistrate Judge recommended vacating the Hearing Officer's decision. *Id.*  And she suggested remanding the case for the Hearing Officer to determine whether the procedural violation was substantive too. *See id.*

The District protests that the case should not be remanded to the Hearing Officer.  The parent bore the burden of showing the Hearing Officer that there had been a substantive violation. *See* D.C. Code § 38-2571.03(6)(A).  And she bore the burden in this case too. *S.B. v. Dist. of Columbia*, 783 F. Supp. 2d 44, 50 (D.D.C. 2011).  And because both the Hearing Officer and the Magistrate Judge lacked enough evidence to decide the substantive denial of a FAPE issue, Lattisaw failed to meet her burden. *See* District Objections at 5–6.  More, she could have tried to introduce more evidence in this case but never did so. *Id.* at 6 (citing 20 U.S.C. § 1415(i)(2)(C)(ii)).  Because of this, the District says, dismissal was entirely appropriate. *See id.* Plus, the District adds, "hearing officers sit in equity" and thus have an "implied power . . . to dismiss claims without prejudice." *Id.* at 6–7.

**B.**

The Court agrees with the District and rejects the challenged portion of the R&R.[1]  For one, Lattisaw concedes that she failed to meet her administrative burden by never meaningfully contesting it in her opposition. *See* Lattisaw Opp'n (Opp'n), ECF No. 21.  And regardless, the Court agrees with both the R&R and Hearing Officer's determinations that "the record is not

---

[1]  The parent argues that the R&R should be reviewed for clear error because the District made similar arguments at summary judgment.  Opp'n at 4.  But even if Lattisaw is right, the Court would still reject the R&R's recommendation to remand this case and its finding that the Hearing Officer erred.

robust enough" to determine the substantive denial of a FAPE issue.  R&R at 21; AR15.  And thus, Lattisaw cannot have carried her burden of showing that the District's delay amounted to a substantive violation.

Rather than contesting the District's claim that she never met her burdens, Lattisaw insists that a remand makes prudential sense because hearing officers are better suited to hear new evidence than federal courts.  *See id.* at 6.  That may be so, but it misses the point.  If she failed to meet her burden of showing a substantive denial of a FAPE, then the Hearing Officer was not wrong to dismiss that claim, especially since he did so without prejudice.

Lattisaw could have re-filed her claim with new evidence before a hearing officer. Instead, she sued in federal court, again failing to offer new evidence.  Now, she asks the Court to return the case to a hearing officer to present evidence that she could have presented in a new administrative claim or to this Court.  This the Court will not do.

## IV.

Because the Hearing Officer did not err in dismissing Lattisaw's substantive-violation claim without prejudice, the Court will reject the part of the R&R finding otherwise.  And the Court will reject the related suggestion to vacate that part of the Hearing Officer's decision and remand for further proceedings.  But the Court will accept the rest of the R&R and will thus grant summary judgment to the District in full.

A separate Order will issue today.


Dated: May 30, 2023                                    _____

                                                       TREVOR N. McFADDEN, U.S.D.J.